UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 12-cv-60106

SAFFER GROUP, INC.,

    Plaintiff,

v.

WWW.SAFFER.COM,

    Defendant.
_____ /

## ORDER GRANTING MOTION FOR DEFAULT FINAL JUDGMENT

THIS MATTER is before the Court on Plaintiff Saffer Group, Inc.'s Motion for Default Final Judgment [ECF No. 20]. For the reasons set forth below, this Motion is granted.

### Introduction

This is an *in rem* action under the Lanham Act, 15 U.S.C. § 1051 *et. Seq.*, for injunctive and other relief relating to the "cybersquatting" registration of the domain name www.saffer.com ("the Domain Name"). The Domain Name consists of the mark SAFFER, which is owned and used by Plaintiff Saffer Group, Inc. throughout North America. After bringing this lawsuit, Plaintiff Saffer moved [ECF No. 3] this Court for approval to proceed *in rem* against the Domain Name. Thereafter, on January 31, 2012, the Court entered its Order [ECF No. 5] stating that "[w]ithin fourteen days of this Order, Plaintiff shall publish the attached Notice of Action in theWashington Post and Miami Herald newspapers. The Notice shall be published once a week for four consecutive weeks in accordance with Florida Statutes section 49.10(1)(a)." On February 9, 2012, Plaintiff requested [ECF No. 6] modification of the January Order to permit Plaintiff to publish notice in the Sun Sentinel as opposed to the Miami Herald due to publication cost concerns. On February 9, 2012, the Court entered its Order [ECF No. 7] allowing Plaintiff to "publish the Notice of Action in the Washington Post and Sun Sentinel newspapers." As set forth in the Notice of Compliance [ECF No. 11] filed on May 4, 2012, Plaintiff has now complied with the Court's publication requirement. On July 5, 2012 the Clerk ordered Entry of

Default [ECF No. 18]. Presently before the Court is Plaintiff's Motion for Default Final Judgment [ECF No. 20].

## Findings

1. This Court has jurisdiction over the subject matter of this case, the Plaintiff, and the *res*: the Domain Name, for which the registrar, Backslap Domains, LLC, is located within this judicial district.

2. Venue in this Court is proper.

3. Plaintiff Saffer owns, and has a protectable trademark interest in, the trademark SAFFER for retail consulting and marketing services.

4. The Domain Name was registered after Plaintiff Saffer began using the SAFFER trademark in North America.

5. The Domain Name consists of the SAFFER trademark in its entirety and is identical to the trademark SAFFER.

6. The SAFFER trademark was distinctive at the time the present registrant of the Domain Name, a party identified only as "Customer_ID:2552584," acquired the Domain Name.

7. The present registrant of the Domain Name, "Customer_ID:2552584," is making no use of the Domain Name in connection with the *bona fide* offering of any goods or services. Rather, the website accessible through the Domain Name reflects that the Domain Name has been "parked"; that is, the website has no content other than advertisements and links to searches for airline tickets, hotels, jobs, dating, etc.

8. After discovering the website, Plaintiff sought to contact the registrant of the Domain Name through an intermediary in an attempt to acquire the Domain Name for a reasonable fee. In response, Plaintiff Saffer received a communication stating: "Will entertain an offer in the six figure range" for transfer to Saffer of the rights to the Domain Name. The foregoing evidence demonstrates that the present registrant of the Domain Name has at least a bad faith "offer to transfer, sell, or otherwise assign the domain to the mark owner or any third

party for financial gain without having used, or having an intent to use, the domain name in the *bona fide* offering of any goods or services …" in violation of 15 U.S.C. § 1125(d)(1)(B)(i).

9. The foregoing findings establish a violation of 15 U.S.C. Section 1125(d)(1)(A), which provides, in pertinent part, that "[a] person shall be liable in a civil action by the owner of a mark, including a personal name which is protected as a mark under this section, if, without regard to the goods or services of the parties, that person--"

(i) has a bad faith intent to profit from that mark, including a personal name which is protected as a mark under this section; and

(ii) registers, traffics in, or uses a domain name that—

(I) in the case of a mark that is distinctive at the time of registration of the domain name, is identical or confusingly similar to that mark…

10. In an *in rem* action under 15 U.S.C. Section 1125(d)(2)(A), relief is limited to court order for the forfeiture or cancellation of the domain name or the transfer of the domain name to the owner of the mark.

## Conclusion

In conclusion, the Court finds that Plaintiff has demonstrated a violation of 15 U.S.C. Section 1125(d)(1)(A). Accordingly, it is hereby **ORDERED and ADJUDGED** that the Plaintiff's Motion for Default Final Judgment is **GRANTED**. Specifically, the registrar of the Domain Name, Backslap Domains, LLC, or the domain name registry or other domain name authority having control over the Domain Name Shall, within 10 days following service upon it of this Order, transfer ownership of the Domain Name to Plaintiff Saffer Group, Inc. without charge of any kind or amount to Plaintiff.

**DONE and ORDERED** in chambers at Miami, Florida on July 16, 2012.

**ROBERT N. SCOLA, JR.**
**UNITED STATES DISTRICT JUDGE**

Copies to:
*Counsel of record*